# CIRCUIT COURT OF LOUDOUN COUNTY

Redman Corp.

v.

John C. Grimberg Co., Inc.,
and Hartford Acc. & Ind. Co.

June 19, 1998

Case No. (Law) 19983

BY JUDGE JAMES H. CHAMBLIN

This case is before the Court on the following filed by Defendants, John C. Grimberg Co., Inc., and Hartford Accident and Indemnity Company:

1. A Motion for Summary Judgment to Count I of the Amended Motion for Judgment asserting a claim on a surety bond; and

2. A Demurrer to Count II of the Amended Motion for Judgment asserting a claim under Virginia Code § 11-58 *et seq.* ("The Little Miller Act").

For reasons that follow, the Motion for Summary Judgment is denied, and the Demurrer is overruled.

This matter is before the Court on the pleadings; therefore, the factual background as summarized below is based on the allegations of the Amended Motion for Judgment filed with leave of Court on April 3, 1998.

The Metropolitan Washington Airport Authority (MWAA) contracted with Grimberg as prime contractor for the construction project identified as the Utility Building East Expansion at Washington Dulles International Airport in Loudoun County, Virginia. Grimberg contracted with Redman Corporation as its subcontractor to supply and install certain structural steel and related materials for the project. As required by the contract with MWAA, Grimberg provided a payment bond for the project; Hartford is the surety on the bond. Redman alleges it is still owed $33,444.00 for work done on the project which Grimberg refuses to pay.

Redman's Amended Motion for Judgment contains four counts as follows:

| Count No. | Theory | Against |
|---|---|---|
| 1 | Recovery on the Bond | Grimberg and Hartford |
| 2 | Recovery under the Little Miller Act | Grimberg and Hartford |
| 3 | Breach of Contract | Grimberg |
| 4 | Implied Contract | Grimberg |

The Motion and the Demurrer are discussed below.

### Motion for Summary Judgment as to Count I

In Count I, Redman sues as a claimant under the Bond posted by Grimberg. The defendants have moved for summary judgment claiming that Redman did not give proper notice to MWAA or Hartford required under the Bond. As support for their factual assertion of ineffectual notice, the Court is referred to defendant's answer to Redman's Interrogatory No. 7 (see Exhibit C to the Motion for Summary Judgment) and a copy of a letter from a Vice President of Redman to Hartford dated June 27, 1997, concerning Redman's "intention to file a lien" on the project (see Exhibit D to the Motion for Summary Judgment).

The interrogatory answer is self-serving. Defendants rely upon terms in a Bond Agreement that they assert Plaintiff has, by contract, consented to terms that differ procedurally from the provisions in § 11-60. However, the Bond Agreement itself is factually still at issue.

The letter, assuming it can be considered on a motion for summary judgment, does not prove that Redman did not give notice under the Bond. The letter does not prove that no notice was given. Summary Judgment is not indicated under the standard of Rule 3:18.

I do not need to address the issues raised by Redman as to the copies of the Bond given to it by MWAA.

Summary Judgment as to Count I is denied.

### Demurrer to Count II

Count II of the Amended Motion for Judgment is a claim against Grimberg and Hartford under The Little Miller Act. The defendants demur on the ground that the requirements of the Virginia Public Procurement Act (VPPA) in which The Little Miller Act is contained do not apply to the subject project because the owner, MWAA, is exempt from the VPPA under the terms

of the Acts of the Assembly, Chapter 598, § 23. Defendants acknowledge that the Payment Bond was not provided pursuant to the terms of the VPPA and argue that Redman should be held to specific terms agreed to between Grimberg and MWAA. (Defendant's Demurrer, p. 3.) Grimberg protracts an exemption from the provisions of the VPAA by relying on the portion of the Acts of the Assembly, Chapter 598, § 23, which provides:

> In light of the multi-jurisdictional nature of the Authority (MWAA), an exemption is hereby provided to the Authority (MWAA) from the provisions of the Virginia Public Procurement Act.

While I agree that the foregoing provision exempts the MWAA from the VPPA, it does not follow that general contractors and subcontractors to whom contracts are awarded to supply labor or materials to property owned by the MWAA are also exempt.

If the General Assembly had intended to exempt general contractors and subcontractors on projects on property owned by the MWAA, then it would have specifically done so. But it did not do so. It did not exempt projects on property owned by the MWAA from the VPPA.

Virginia Code § 11-58 contains the bond requirements for any public construction contract exceeding $100,000.00. While "public construction contract" is not defined in the VPPA, it is reasonable to define it as a contract for construction on public property. Property owned by a public body is public property. Under § 2 of the MWAA Act, the MWAA is a public body. The subject property is on property in Virginia owned by a public body. The Little Miller Act, therefore, does apply to the project.

The bond requirements are imposed on the general contractor under The Little Miller Act. The requirements are not described in terms of requirements imposed on the owner of the project.

Because mechanics liens cannot be asserted against public buildings, the provisions of The Little Miller Act are construed liberally in favor of subcontractors. *Solite Masonry v. Piland Construction*, 217 Va. 727, 730 (1977). For similar reasons, any VPPA exemption granted to the MWAA shall be strictly construed so as to make the remedy available to a subcontractor.

Section 23 of the MWAA Acts states that the exemption from the VPPA for the MWAA is provided "in light of the multi-jurisdictional nature" of the MWAA.

Nothing has been offered to explain the reasoning of the General Assembly's granting of the exemption to the MWAA. It seems that the General Assembly wanted to prevent the MWAA from having to comply with

the VPPA if it was involved in a project in multiple jurisdictions. But that is not the situation in this case. This project is on public property in Loudoun County, Virginia. There is not a multi-jurisdictional component to it. The VPPA, including The Little Miller Act, should apply to the general contractor, Grimberg.

The Demurrer is overruled.